**UNITED STATES of America,
Appellant,**

v.

**Arthur Burton FOULGER, Appellee.**

No. 5629.

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1957.

Herbert E. Morris, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., A. Pratt Kesler, U. S. Atty., Llewellyn O. Thomas, Asst. U. S. Atty., Salt Lake City, Utah, and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

LeRoy B. Young, Ogden, Utah (Paul Thatcher and Blaine V. Glasmann, Jr., Ogden, Utah, on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and BREITENSTEIN, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action by appellee, Arthur Burton Foulger, to recover benefits claimed due him as contingent benefici-

ary under a $10,000 National Service Insurance Policy. He prevailed in the trial Court and the Government has appealed.

Ralph C. Foulger, the insured, was the unmarried son of appellee and his wife, Josephine B. Foulger. He entered the military service of the United States June 5, 1943, and at the time of his death was a member of the United States Air Force. On June 12, 1943, a $10,000 National Service Policy of Insurance was issued to him. In it he designated his mother,. Josephine B. Foulger, as principal beneficiary, and his father, the appellee, as contingent beneficiary. He was killed while in service on November 8, 1944.

On December 15, 1944, Josephine B. Foulger was informed by the Veterans Administration that she had been named beneficiary in the policy. Form 355 for making claim and Form 1501 for making an election as to mode of payment were forwarded to her by mail for completion and return to the Veterans Administration. Form 1501 provided for the selection of one of two plans of payment, as follows: .

"Option 1. In equal monthly installments for 120 months certain, with such payments continuing throughout my lifetime.

"Option 2. In a refund life income in monthly installments payable for such period certain as may be required, in order that the sum of the installments certain, including a last installment of such reduced amount as may be necessary, shall equal the face value of the contract, less any indebtedness, with such payments continuing throughout my lifetime."

She filled out and signed Form 355 and returned it, but did not fill out Form 1501 nor did she return it to the Department. On July 16, 1945, an award was approved by the Department in favor of the mother of $60.30 per month, commencing November 8, 1944, such payments to continue during her lifetime, according

to the mode of payment under Option 1, but for 120 months certain.

Josephine B. Foulger died January 6, 1949. At the time of her death, she had received fifty monthly payments of $60.-30 each. Shortly thereafter appellee contacted the Veterans Administration, realizing for the first time that it took the position that his right to recover as contingent beneficiary was limited to the remaining seventy payments. On November 17, 1949, he filed his claim with the Veterans Administration on Form 355 and attempted to avail himself of the right to elect to claim the residue under Option 2. The Administrator determined that the right of election belonged to the principal beneficiary alone; that no election had been made by her and that no change to Option 2 could be made by the contingent beneficiary. This determination was appealed to the Board of Veterans Appeal, where it was affirmed. It was stipulated by the parties that the Veterans Administration paid appellee the remaining seventy monthly payments of $60.30 and a total amount of $7,236 was paid on the policy.

The above recital of facts is taken from the stipulation of facts by the parties and from the findings as made by the trial Court. After trial, the Court made an additional finding that at the time the Veterans Administration began the monthly payments of $60.30, neither the principal nor the contingent beneficiary knew or understood that the monthly payments would cease before the face of the policy was paid, in the event of the death of the principal beneficiary prior to the expiration of 120 months, but assumed that irrespective of her death before the expiration of 120 months that payments would continue until the face value of the policy was paid, and that the contingent beneficiary did not learn of such facts until after the death of the principal beneficiary, when he discovered for the first time that the Veterans Administration took the position that notwithstanding the principal beneficiary had not elected to accept Option 1, yet his rights under such

policy were limited to the provisions set forth in Option 1 of said policy.

It is argued that this action is barred under the provisions of 38 U.S.C.A. §§ 817 and 445. We do not pass upon this contention because we prefer to base our decision on the merits. Prior to the amendment of the Act in 1944, the only method of payment was that under Option 1. Thereunder, if the beneficiary was thirty years of age or over, the amount of insurance was payable in monthly installments for 120 months certain, with payments continuing during the life of the beneficiary.[1] The 1944 enactment included this method of payment but added a proviso authorizing the Administrator to promulgate appropriate regulations authorizing the insured or the beneficiary to elect in lieu of the statutory method of payment, an alternative method of payment in monthly installments payable for a period of time certain, as might be required to insure repayment of the face of the policy, and to continue throughout the life of the beneficiary.

In compliance with the mandate of the statute, the Administrator promulgated appropriate regulations providing for an alternative method of payment. Regulation No. 3450 entitled "Payment to first beneficiary" provided for payment of monthly installments under Option 1 to the beneficiary or beneficiaries, unless the insured or beneficiary had selected Option 2. Regulation No. 3451 provided that upon the death of the first beneficiary, after payment of at least one installment, monthly installments in the same amount should be paid to the person or persons entitled as beneficiary until all of the installments certain had been paid. Regulation No. 3475 provided that National Service Life Insurance was payable under Option 1 unless settlement under Option 2 had been selected by the insured or beneficiary. Regulation No. 3479 provided that optional settlements which beneficiaries might elect were available only to the beneficiary first receiving payment.

Appellee contends that if the pertinent regulations attempt to vest the power in the Administrator to make the election, they are void as being beyond the power conferred by Congress. Under the Act of 1944, as under the prior Act, the only statutory method of payment where a beneficiary was 30 years of age or over was equal monthly installments for one hundred twenty months certain, with payments to continue during the life of the beneficiary. All the amendment did was to empower the Administrator, by appropriate regulations, to set up an alternative method of payment. The necessity of making an election arose only after the Administrator provided the alternative method under Option 2. The statute did not provide for or remotely indicate the method of election in the event an alternative method of payment was set up by the Administrator. The necessity for determining the method of an election between the payment provided for by the statute and the alternative method provided by the regulation was a necessary and integral part of carrying out the mandate of the statute to provide an alternative method of payment. We think there is no conflict between the statute and the regulations. In fact, we think the regulations providing for an election of option of payment are consistent and in harmony with the spirit of the statute. The regulations recognize the statutory method of payment as predominant but offer an alternative method if desired by either the insured or the beneficiary. There is nothing inconsistent between the statute and a regulation requiring affirmative action on the part of the insured or of the beneficiary if payment, as offered by the regulation, was preferred rather than payment as provided for in the statute.

Regulation No. 3479 provides that "Optional settlements which beneficiaries may elect are available only to the bene-

---

1. 38 U.S.C.A. § 802(h) (2).

ficiary first receiving payment, * *" This provides for only one election under the regulations. A contingent beneficiary has no right of election. He is entitled to receive only what remains due after the claim of the first beneficiary has been satisfied. There was a rational basis for the adoption of such a regulation. To permit a different election by a contingent beneficiary would require a recomputation of the insurer's obligation. The monthly payments under Option 1 are greater than under Option 2. Obviously, this would have to be taken into account in determining what now remained due and payable to a contingent beneficiary.

The Court apparently predicated its conclusions and judgment on its finding that at the time the Administrator began making the monthly payments of $60.30 per month to the principal beneficiary, neither the principal beneficiary nor the contingent beneficiary knew or understood that the monthly payments would cease before the full payment of the face value of the policy in the event of the death of the principal beneficiary prior to the expiration of one hundred twenty months, but assumed that irrespective of her death before the expiration of one hundred twenty months, that payments would continue until the face value of the policy was paid, and that the contingent beneficiary did not learn of such facts until after the death of the principal beneficiary.

▬ But the principal beneficiary was bound by the terms of the policy and the applicable regulations. "Only the intent of Congress, which in this case is the insurer, need be ascertained to fix the meaning of the statutory terms; the layman understanding of the policyholder does not have the relevance here that it has in the construction of a commercial contract." [2] But aside from this the beneficiary had in her possession all the means of ascertaining her rights and what was required if she desired payment, other than as provided in the statute itself. By letter of December 15, 1944, the Administrator advised Mrs. Foulger that she was the principal beneficiary and that it was necessary for her to file a claim and to make an election. Claim Form 355 and Election Form 1501 were enclosed, and she was advised to fill them out and return them to the Veterans Administration. Form 1501 set out the two methods of payment that were available to her. She filled out Form 355 and returned it. She did not fill out Form 1501 or return it. Her failure to read what was sent her with adequate instructions does not excuse her failure to elect payment under Option 2 if that was what she desired, rather than the statutory payment under Option 1. There is no question of fraud, bad faith, or overreaching by the Administrator.

There was a finding by the trial Court not in dispute that at the time of the filing of the claim Mrs. Foulger was practically helpless; that she was suffering from multiple sclerosis of her motor nerves which completely paralyzed her; that in 1943 she was operated on for cancer; that the cancerous condition continued and became progressively worse. But it is not claimed that her mentality was affected. In fact, it is conceded that she was mentally competent and physically able to execute and return her claim. There was no reason why she could not have made an election to take under Option 2 if that was what she desired at the time. Having failed to make such an election, she was properly paid the larger monthly payments during her lifetime and all that remained and was due the contingent beneficiary was the balance of the 120 monthly payments remaining at her death. These were paid to and accepted by him, and he has no further claim.

Reversed and remanded.

2. United States v. Zazove, 334 U.S. 602, 68 S.Ct. 1284, 92 L.Ed. 1601.